■ In the Matter of OSCAR J. ALPERT et al., Appellants, v TOWN OF CARMEL ZONING BOARD OF APPEALS et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Carmel, dated May 15, 1980, which granted respondent B-52 Music Corporation a variance for certain premises located in Mahopac, New York, petitioners appeal (1) from an order and judgment (one paper) of the Supreme Court, Putnam County (Beisheim, J.), dated June 19, 1981, which (a) denied their motion, in effect, to renotice this proceeding for hearing and determination, (b) granted the cross motion of respondent B-52 Music Corporation to dismiss the petition, and (c) directed that the petition be dismissed because petitioners were guilty of laches, and (2) as limited by their brief, from so much of an order of the same court, dated July 27, 1981, as upon reargument, adhered to the original determination. Appeal from the order and judgment dismissed, without costs or disbursements. The order and judgment was superseded by the order granting reargument. Order reversed insofar as appealed from, without costs or disbursements, the order and judgment is vacated, the petition is reinstated, the cross motion is denied, and the petitioner's motion is granted to the extent that the matter is remitted to Special Term for a determination on the merits. When this matter was originally before Special Term, the court (Dachenhausen, J.), by order dated September 23, 1980, remanded the matter to the respondent zoning board for amplification of its determination with specific findings of law and fact, on the ground that the court could not make any intelligent decision in this proceeding upon what was before it at that time. The remand to the zoning board was not for redetermination or rehearing and determination. The zoning board was directed to render "a detailed, written decision in which specific findings of fact are made, the criteria set forth in the Zoning Ordinance are addressed and specific conclusions, based on the findings of fact, are drawn." The order of Special Term concluded: "Upon the rendering of a formal decision by [the] respondent [zoning board], the matter may be renoticed for hearing in Special Term and shall be heard by the justice then and there presiding. Petitioners shall serve a copy of this order, with notice of entry, upon respondent Zoning Board of Appeals." On October 23, 1980 the zoning board of appeals issued a decision which, on October 24, 1980, was filed with the Town Clerk of the Town of Carmel. Thirty days after the date of the filing of said decision, respondent B-52 Music Corporation made substantial interior alterations which were completed in December, 1980. By notice of motion dated May 5, 1981, petitioners

moved for an order "that the determination of the respondent Zoning Board of Appeals * * * be reviewed" and to vacate and set aside "the order [*sic*] granting the variance allowing a rehearsal studio in the accessory building owned by the Respondent, B-52 Music Corporation", which building was located in a residential area. Respondent B-52, by cross motion, sought a judgment "denying the motion" of the petitioners based upon their failure to comply with subdivision 7 of section 267 of the Town Law in that they did not renotice the proceeding within 30 days after the filing date of the board's decision. It also argued that the petitioners' motion should be denied because of their laches in allowing it to make a substantial investment in the renovation work completed approximately 60 days after the board's decision was filed. Petitioners denied knowledge of the renovation work which they alleged was solely to the interior of the structure. Special Term held that petitioners were guilty of laches because they "slept on their rights for almost six months, to the detriment of [B-52 Music Corporation, which], it would appear, made substantial expenditures in reliance upon the decision of October 23, 1980." Accordingly, the motion was denied, the cross motion granted and the petition dismissed. CPLR 7804 (subd [e]) provides in part: "Answering affidavits; record to be filed; default. The body or officer shall file with the answer a certified transcript of the record of the proceedings under consideration, unless such a transcript has already been filed with the clerk of the court. The respondent shall also serve and submit with the answer affidavits or other written proof showing such evidentiary facts as shall entitle him to a trial of any issue of fact. The court may order the body or officer to supply any defect or omission in the answer, transcript or an answering affidavit." The mandated requirements of CPLR 7804 (subd [e]), together with the order dated September 23, 1980, required the zoning board to file a certified transcript of the record of the proceedings under consideration, unless such a transcript had already been filed with the clerk of the court. The decision of the zoning board dated October 23, 1980 is an integral part of the return. Accordingly, unless the same was filed by the petitioners or the additional named respondent, there was an obligation on the part of the respondent board to file its amended decision with the clerk of the court. Respondent B-52 had knowledge of the court's order authorizing a renoticing of the hearing on this proceeding after the zoning board had rendered a formal decision. Said respondent was also aware of the zoning board's decision, and the filing of that decision with the town clerk. Based upon these facts, B-52 proceeded at its own risk in making the improvements to the real property prior to the rehearing. The renoticing of the proceeding pursuant to the order dated September 23, 1980 was not required to be within 30 days after the decision was filed with the town clerk and B-52 was not given a free hand to proceed to renovate its premises after that time period. Respondent B-52 could itself have taken more prompt action to have brought the matter to a conclusion and to have protected its rights. As noted in *Cohen v Hallmark Cards* (45 NY2d 493, 500): "[T]he imputation of knowledge, and its concomitant responsibility, may not be avoided by the simple expedient of closing one's eyes, covering one's ears and holding one's breath." While subdivision 7 of section 267 of the Town Law may be applicable in those circumstances where a remand is made requiring an additional public hearing and determination, it is not applicable to an ongoing CPLR article 78 proceeding. Based upon the requirements of CPLR 7804 (subd [e]) and the relatively brief period which expired after the filing of the board's decision, B-52 Music Corporation failed to establish any reliance upon the inaction of petitioners to support its alleged substantial expenditures for the property renovations pursuant to the variance granted by the zoning board. The

petition should now be determined on the merits. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.